**Supreme Court**

No. 2013-155-C.A.

(P2/07-8A)

State                  :

v.                 :

Jose L. Barrientos.         :

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

State                        :

v.                         :

Jose L. Barrientos.        :

Present: Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

## O P I N I O N

**Chief Justice Suttell, for the Court.** The defendant, Jose L. Barrientos, appeals from a Superior Court judgment of conviction declaring him to be in violation of the terms of his probation and sentencing him to five years of his previously suspended sentence. On appeal, the defendant argues that the hearing justice acted arbitrarily and capriciously in finding that the defendant violated the terms of his probation. This case came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After considering the parties' written and oral submissions and reviewing the record, we conclude that cause has not been shown and that this case may be decided without further briefing or argument. For the reasons set forth in this opinion, we affirm the judgment of the Superior Court.

## I

### Facts and Procedural History

On January 4, 2007, defendant entered a plea of nolo contendere to a single count of possession of a controlled substance, for which he was sentenced to five years probation. On January 26, 2011, detectives of the Providence police department arrested defendant and charged him with possession of heroin. The state subsequently filed a violation notice pursuant to Rule

- 1 -

32(f) of the Superior Court Rules of Criminal Procedure against defendant detailing the circumstances of the arrest and basis for the probation violation.

A probation-violation hearing was conducted on June 13 and 15, 2011, before the Superior Court. Detective John J. Black of the Providence police department testified to the events of January 26, 2011. According to Det. Black, Providence police officers working in the narcotics division received information from police in the City of Newport that defendant traveled to Providence several times per week for the purpose of purchasing heroin for later resale in the City of Newport. Detective Black testified that part of the information delivered to the Providence police department included a description of defendant's mode of transportation: a Rhode Island Public Transit Authority (RIPTA) bus. He stated that, based on this information, detectives from the Providence police department surveilled the Kennedy Plaza bus station. Detective Black went on to state that he was aware of defendant's physical appearance because he had arrested defendant previously. He described how the detectives observed defendant arriving at Kennedy Plaza and changing buses; Det. Black followed defendant onto the bus and the detectives continued to monitor defendant as he traveled.

Detective Black testified that defendant traveled to an address within the city, meeting two other males there and leaving with them in a Jeep Cherokee. Detective Black stated that, after observing defendant's vehicle for some time, officers watched as the vehicle parked on Elmwood Avenue. Detective Black stated that he then observed defendant exit the vehicle, step onto the sidewalk, put his little finger into a clear plastic bag containing a white substance, and touch his little finger to his tongue. Detective Black testified at the violation hearing that this action, known colloquially as "lacing," is a known street-level drug test used to assay controlled substances. Detective Black stated that he and other police officers approached defendant,

identified themselves as police officers, and witnessed defendant drop the transparent bag to the ground. Detective Black testified that he and another member of the Providence police department arrested defendant and secured the transparent bag. The bag and its contents were entered as a full exhibit.

Detective Black testified that, after securing defendant and having him transported to the central police station, he took custody of the plastic bag, returned with it to the central station, and tested it with a "Marquis Reagent"[1] field test. Detective Black described the test's operation: the test contains a substance that, when combined with heroin or other opiate derivatives, turns purple. Detective Black testified that, when he administered the test to a small sample of the substance in the bag, it turned purple, indicating the presence of heroin. The defendant objected to the lack of a full toxicology report on the substance, and questioned the validity of the field test.

Detective Black stated that he had noticed that a nearby liquor store had video surveillance cameras facing the street, and he requested that the store's owner or manager allow him to view any footage of the arrest. The footage, which was made a full exhibit, revealed that the store's cameras had recorded part of the arrest.

The hearing justice found Det. Black to be a credible witness. The hearing justice also found that the recorded footage from the liquor store coincided with and corroborated Det. Black's testimony. The hearing justice found that, based on Det. Black's testimony and the corroborating video footage, defendant had violated the conditions of his probation by failing to keep the peace and maintain good behavior.

---

[1] The "Marquis Reagent" is created by adding 100 mL of concentrated sulfuric acid to 5 mL of a mixture of 40 percent formaldehyde and 60 percent water. See National Institute of Justice, Color Test Reagents/Kits for Preliminary Identification of Drugs of Abuse, Appendix A, A.5 at 12 (2000).

## II

### Standard of Review

"At a probation-violation hearing, '[t]he sole issue for a hearing justice * * * is whether or not the defendant has breached a condition of his or her probation by failing to keep the peace or remain on good behavior.'" State v. Ford, 56 A.3d 463, 468 (R.I. 2012) (quoting State v. English, 21 A.3d 403, 406 (R.I. 2011)). "Probation-violation hearings are 'not part of the criminal prosecution[.]'" Id. (quoting State v. Kennedy, 702 A.2d 28, 31 (R.I. 1997)). "[A]s a result, the 'burden of proof at a probation-violation hearing is much lower than the standard of beyond a reasonable doubt' used in criminal trials." Id. (quoting English, 21 A.3d at 406-07). "Furthermore, a probation-revocation hearing 'does not call for the full panoply of rights due a defendant in * * * a criminal proceeding.'" Id. (quoting Kennedy, 702 A.2d at 31). "Rather, 'the state need only show that reasonably satisfactory evidence supports a finding that the defendant has violated his or her probation.'" Id. at 468-69 (quoting English, 21 A.3d at 407).

"To determine whether the defendant has committed a violation, the hearing justice weighs the evidence and assesses the credibility of the witnesses." Ford, 56 A.3d at 469 (quoting English, 21 A.3d at 407). "In reviewing the hearing justice's determination, '[t]his Court gives the trial justice's assessment of the credibility of witnesses great deference.'" Id. (quoting English, 21 A.3d at 407). "[T]his Court will not 'second-guess' supportable credibility assessments of a hearing justice in a probation-revocation hearing[.]" Id. (quoting State v. Jackson, 966 A.2d 1225, 1229 (R.I. 2009)). "[I]nstead '[our] review of a hearing justice's decision in a probation-violation proceeding is limited to considering whether the hearing justice acted arbitrarily or capriciously in finding a violation.'" Id. (quoting English, 21 A.3d at 407).

# III

## Discussion

On appeal, defendant argues that the hearing justice erred because the evidence before him was insufficient to support his findings. The defendant bases his assertions upon the state's failure to provide testimony from a toxicologist as to the identity of the substance contained in the clear plastic bag. The lack of such evidence, defendant maintains, fatally undermines the state's case.

We have frequently expressed the principle that the evidentiary threshold confronting the state at a violation hearing is far lower than that which the state must cross in a criminal proceeding. The required quantum of proof need only reasonably satisfy a hearing justice that an alleged violator has failed to keep the peace or be of good behavior. Our review of the record in this case convinces us that the hearing justice was well warranted in concluding that defendant violated the terms and conditions of his probation.

The state presented eyewitness testimony from Det. Black, whom the hearing justice found to be credible. He observed defendant exit a vehicle, stick his finger in a clear plastic bag containing a white substance, and "lace" it on his tongue—an act consistent with street-level drug dealing. The defendant then dropped the bag and its contents as police approached.

Detective Black also testified that he was trained to perform the Marquis Reagent field test at a Drug Enforcement Agency school in Massachusetts. Notwithstanding the fact that he has conducted "hundreds of field tests," he said that he had never seen or heard of a situation where such a field test produced a false positive result. Although he was somewhat unclear whether the Marquis Reagent field test tests specifically for heroin or more generally for opium

derivatives, he was absolutely certain that the white substance in the bag that defendant dropped tested positive.

According appropriate deference to the hearing justice's credibility determinations, we are satisfied that he had ample evidence before him upon which to rest his finding of probation violation. Even if we accept, <u>arguendo</u>, the defendant's contention that the field test did not identify the contents of the bag as heroin, but only some opiate derivative, the hearing justice was presented with evidence sufficient to make a rational finding that the defendant violated the terms and conditions of his probation. We hold, therefore, that the hearing justice acted neither arbitrarily nor capriciously in finding that the defendant violated the terms and conditions of his probation.

## IV

## Conclusion

For the reasons stated herein, we affirm the judgment of the Superior Court. The record shall be remanded to the Superior Court.



**RHODE ISLAND SUPREME COURT CLERK'S OFFICE**

*Clerk's Office Order/Opinion Cover Sheet*

**TITLE OF CASE:**    State v. Jose L. Barrientos.

**CASE NO:**    No. 2013-155-C.A.
(P2/07-8A)

**COURT:**    Supreme Court

**DATE OPINION FILED:**    April 17, 2014

**JUSTICES:**    Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**WRITTEN BY:**    Chief Justice Paul A. Suttell

**SOURCE OF APPEAL:**    Providence County Superior Court

**JUDGE FROM LOWER COURT**:

Associate Justice Brian P. Stern

**ATTORNEYS ON APPEAL:**

For State:  Virginia M. McGinn
 Department of Attorney General

For Defendant:  Susan B. Iannitelli, Esq.